UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BERG,

    Plaintiff,

v.                                         Case No. 8:09-cv-493-T-30TGW

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. #3), and Plaintiff's Response to Motion to Dismiss (Dkt. #5). The Court, having considered the motion, response, memoranda, exhibits, and being otherwise advised in the premises, concludes that Defendant's motion should be granted in part and denied in part as stated herein.

**Background**.

Plaintiff John Berg ("Plaintiff") originally filed suit in the Sixth Judicial Circuit in and for Pinellas County, Florida, against Defendant Life Insurance Company of North America ("Defendant"), claiming that Defendant failed to pay him LTD benefits under an insurance policy. On March 18, 2009, Defendant removed this action to this Court, stating that Plaintiff's claim arises under the Employment Retirement Income Security Act of 1974

(ERISA), Title 29 U.S.C. § 1001 et seq.[1]  Now, Defendant moves to dismiss the Complaint on the grounds that Plaintiff's claims are preempted by ERISA.  Defendant has also moved to strike Plaintiff's claim for attorney's fees under Section 627.428, Florida Statutes.

## Standard of Review

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Court. at 1959.

---

[1] *See* Dkt. #1, Notice of Removal and Affidavit of Kellie Downey.

## Discussion.

### A. ERISA claim.

After converting Plaintiff's state law action into a federal ERISA action, Defendant is now seeking to dismiss the ERISA action for failing to state an ERISA claim. Effectively, Defendant has "towed the case into the federal harbor only to try to sink it once it is in port." *Merryman v. Provident Life and Accident Insurance* Company, No. 8:06-cv-2139-T-30MAP, 2007 WL 778627, *1 (M.D. Fla. March 12, 2007), citing *Fleming v. Life of the South TPA, Inc.*, 868 F. Supp. 1347, 1348 (N.D. Ala. 1994). This series of procedural moves, using ERISA to bring a case into federal court and then invoking preemption with a motion to dismiss, by a defendant has been referred to as "the ERISA two-step." This Court, however, has already taken Defendant at its word in its notice of removal which claims that Plaintiff has invoked an ERISA action in his Complaint.

Upon a review of Plaintiff's Complaint, it is sufficient to withstand a Motion to Dismiss. It gives notice to Defendant that the suit is based upon a wrongful denial of benefits. It is not couched in terms of a state law breach of contract action, nor does it claim damages other that the amount recoverable for a benefit claim. As such, this Court cannot conclude based on the current record that preemption precludes plaintiff's claim.

### B. State Law based Attorney's Fees claim.

Defendant also moves to dismiss Plaintiff's state law based attorney's fees claim on the grounds that ERISA's preemption clause preempts all state laws, including those governing attorneys' fees. Defendant's argument is well taken. Section 627.428 of the

Florida Statutes, which mandates the award of attorney's fees, is preempted by ERISA, wherein the award of attorney's fees is discretionary. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987); *see also, Petsche v. Prudential Ins. Co. of America*, 607 So. 2d 514 (Fla. 2d DCA 1992). Therefore, Plaintiff's request for attorneys' fees under Fla. Stat. § 627.428 must be stricken from the Complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. #3) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. Defendant shall have twenty (20) days from the date of this Order to file an answer to the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-493.mt dismiss 3.wpd